[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13030
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cv-01337-ACC-DAB

CHARLES MILLER,

Plaintiff-Appellant,

versus

NATIONSTAR MORTGAGE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 14, 2014)

Before TJOFLAT, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Charles Miller appeals the grant of summary judgment in favor of Nationstar Mortgage on Miller's claim for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(6) ("FDCPA").[1]  No reversible error has been shown; we affirm.[2]

Briefly stated, this case arises out of events leading up to the foreclosure on Miller's residential property.  Miller alleges that Nationstar -- the servicer for Miller's mortgage loan -- violated section 1692f(6) when Nationstar changed the locks and placed a lockbox on Miller's front door after Miller defaulted on his loan.[3]

Under section 1692f(6), a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," including "[t]aking or threatening to take any nonjudicial action to effect dispossession or

---

[1] On appeal, Miller does not challenge the grant of summary judgment on his claims for violations of the Real Estate Settlement Procedures Act, the Truth in Lending Act, the Fair Credit Reporting Act, and of other sections of the FDCPA (15 U.S.C. §§ 1692e(2), (4), (5), (8), (10), (11), 1692f(1) and 1692g(b)) or the grant of summary judgment on his claims for declaratory judgment and injunctive relief.  Thus, these claims are abandoned.  See N. Am. Med. Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211, 1217 n.4 (11th Cir. 2008).

[2] We review the district court's grant of summary judgment de novo, and we view the evidence and all reasonable factual inferences in the light most favorable to the nonmoving party.  Skop v. City of Atlanta, 485 F.3d 1130, 1136 (11th Cir. 2007).

[3] The district court noted that Miller added this section 1692f(6) claim in his amended complaint without leave of court, "[i]n direct contradiction to the Court's Order dismissing Plaintiff's Complaint;" but the court still addressed Miller's claim "[o]ut of an abundance of caution."

disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest . . . ."  15 U.S.C. § 1692f(6).

Miller alleges that Nationstar dispossessed him of his property unlawfully when it changed the locks on his front door.  Miller does not, however, dispute Nationstar's contention that the house was vacant when the locks were changed.[4]

Under the terms of Miller's mortgage document, Nationstar was authorized to make "reasonable or appropriate" efforts to protect its interest in and to secure an abandoned property, including specifically changing the locks.  Because Nationstar acted under the terms of its enforceable security interest when it changed Miller's locks, nothing evidences a violation of section 1692f(6).

Miller argues that Nationstar lacked "reasonable cause" to enter the property, which Miller alleges was "locked, safe, secure and in no danger of harm or destruction."  In making this argument, however, Miller relies mistakenly on language in paragraph 7 of the mortgage (permitting Nationstar to inspect the

---

[4] In support of its contention that Miller's property was vacant, Nationstar produced an affidavit from its process server testifying, in part, that neighbors reported that Miller's property had been vacant for over six months.  Miller does not dispute that the property was in fact vacant, but argues that the affidavit contained inadmissible hearsay testimony.  Because Miller failed to raise a timely objection to the affidavit in the district court, we need not address Miller's hearsay argument.  See Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990) (motions for reconsideration in the district court "should not be used 'to raise arguments which could, and should, have been made before the judgment is issued.'").

3

property upon "reasonable cause"), instead of on paragraph 9 of the mortgage

(permitting Nationstar to secure abandoned property).

No genuine issue of material fact exists.

AFFIRMED.